## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gene Stilp, and<br>Stephen J. Connolley, | : | |
| Plaintiffs, | : | |
| vs. | : | No. _____ |
| Borough of West Chester, | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

### Complaint

Plaintiffs Gene Stilp and Stephen J. Connolley by undersigned counsel Mette, Evans & Woodside files this complaint challenging Defendant Borough of West Chester's open burning ordinance as unconstitutional – facially, as applied, and for vagueness – in violation of the civil rights of Plaintiffs Stilp and Connolley to publicly burn flags in political protest as a form of expressive conduct.

### I. Parties

1. Plaintiff, Gene Stilp ("Stilp"), is an adult individual.

2. Plaintiff, Stephen J. Connolley ("Connolley"), is an adult individual.

3. Defendant Borough of West Chester ("Borough") is a political subdivision of the Commonwealth of Pennsylvania that maintains a principal office at 401 Gay Street, West Chester, Pennsylvania 19380.

### II. Jurisdiction and Venue

4. Jurisdiction is founded upon 28 U.S.C. § 1343. This case is brought under 42 U.S.C. § 1983. Attorneys fees are authorized by 42 U.S.C. § 1988.

1

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because the Borough is located in the Eastern District of Pennsylvania, and the Eastern District is the location where a substantial part of the events or omissions giving rise to the claim occurred.

6. Plaintiffs seek legal and prospective equitable relief.

### III. Standing

7. Plaintiffs were issued citations under the Borough's Open Burn Ordinance and faced summary trials in Magisterial District Court 15-1-01 at docket numbers MJ-15101-NT-0000427-2020 and MJ-15101-NT-0000428-2020.

8. The summary offenses charged are filed at docket numbers MJ-15101-NT-0000427-2020 and MJ-15101-NT-0000428-2020.

9. Stilp and Connolley stood trial on the charges on March 2, 2021.

10. The charges were dismissed by Magisterial District Judge William Kraut on March 3, 2021.

11. Because Plaintiffs have been prosecuted under the ordinance and desire to conduct additional protests in the future involving the use of public burning as expressive conduct, Stilp and Connolley have standing to seek prospective relief from future enforcement of the ordinance against them.

### IV. Facts

12. The allegations of the foregoing paragraphs are incorporated by reference.

13. Stilp is a prominent political activist in Pennsylvania who frequently conducts public protests against political corruption and racial injustice.

14. Connolley is a political activist in Pennsylvania who frequently assists Stilp in conducting political protests against political corruption and racial injustice.

15. Over the past several years, Stilp has publicly burned political flags in various locations throughout the United States as a means of protesting politicians and political ideologies he opposes.

16. Connolley has often accompanied Stilp to the various locations and has assisted in organizing, publicizing and conducting such political protests.

17. As part of such protests, Plaintiffs often burned flags bearing images and slogans supporting policies and politics of former President Donald J. Trump.

18. On or about October 27, 2020, Stilp notified the Chester County Commissioners of his intent to hold a public protest involving the burning of flags in front of the Old Glory Monument in front of the historical Chester County Courthouse in the Borough of West Chester on October 28, 2020. See Exhibit A attached hereto.

19. The Chester County Commissioners, by their agent, Rebecca Brain, indicated their assent to the political protest and granted permission to Stilp to conduct the protest on the steps of the Chester County Historic Courthouse. See the email communication attached hereto as Exhibit B.

20. Stilp intended to burn a "Cancel Trump Postage Stamp" at the protest as well as five flags: a Trump campaign flag sewn together with a Nazi flag, a Trump campaign flag sewn together with a flag of the former Soviet Union, a Trump campaign flag sewn together with a Confederate flag, a combined flag (consisting of a Trump campaign flag sewn together with a Confederate flag, a Nazi flag and a former Soviet Union flag), and a Trump/750 flag (collectively, "Trump Protest Flags").

21. Stilp and Connolley's intended purpose in burning the Trump Protest Flags was to publicly oppose and protest policies and positions espoused by then President Trump which Plaintiffs assert to be racist and harmful to the country.

22. The area in front of the Old Glory monument in front of the historical Chester County Courthouse is open to the public and is a traditional public forum.

23. On October 28, 2020, Stilp and Connolley appeared at this location to protest as Stilp had advised would happen.

24. Stilp and Connolley were met at their arrival by West Chester Code Enforcement Officer, Kevin Gore ("Gore"), who advised that they would be cited under the Borough's Open Burn Ordinance if they proceeded with the protest despite the permission granted for the demonstration from the Chester County Commissioners.

25. Wishing to exercise their First Amendment rights of political protest, Stilp and Connolley advised Gore that they intended to proceed with the political protest as planned and approved by the Chester County Commissioners.

26. Gore collected personal information from Stilp and Connolley and summoned local law enforcement to the location.

27. Stilp and Connolley nevertheless proceeded with the political protest and ignited the first of the Trump Protest flags over a steel trash can which they had brought to ensure fire safety at the protest.

28. On November 19, 2020, a non-traffic citation was filed against Stilp for his alleged violation of the Burn Ordinance in connection with the political protest involving the burning of flags held on October 28, 2020. A copy of the summons showing the filing of the citation is attached as Exhibit C.

29. On November 19, 2020, a non-traffic citation was filed against Connolley for his alleged violation of the Burn Ordinance in connection with the political protest involving the burning of flags held on October 28, 2020. A copy of the docket sheet showing the filing of the citation is attached as Exhibit D.

30. As noted *supra*, the summary offenses charged against Plaintiffs at docket numbers MJ-15101-NT-0000427-2020 and MJ-15101-NT-0000428-2020 respectively were dismissed after a summary trial on March 3, 2021.

31. The Borough maintains an ordinance that regulates public burning. See Chapter 57 of the Codified Ordinances of the Borough of West Chester, Pennsylvania. The relevant chapter and related sections of the Codified Ordinances (§§ 57-1 – 57-5) are attached as Exhibit E.

32. The Burn Ordinance expressly incorporates the International Fire Code of 2003, as supplemented, reissued, amended, and revised ("IFC") (collectively "Burn Ordinance"). *See id.* at § 57-1.

33. The current edition of the IFC at the time of Stilp and Connolley's protest, known as the 2018 International Fire Code ("IFC 2018"), defines "recreational fire" as follows,

> **RECREATIONAL FIRE.** An outdoor fire burning materials other than rubbish where the fuel being burned is not contained in an incinerator, outdoor fireplace, portable outdoor fireplace, barbeque grill or barbeque pit and has a total fuel area of 3 feet (914 mm) or less in diameter and 2 feet (610 mm) or less in height for pleasure, religious, ceremonial, cooking, warmth or similar purposes.

IFC 2018 at § 202. Copies of this and other relevant sections of the IFC (2018) are collectively attached as Exhibit F.

34. The IFC (2018) allows a "recreational fire" without prior government permitting or approval if a) the fuel area does not exceed three feet in diameter and two feet in height, b) the

5

fire is not conducted within 25 feet of a structure or combustible material, and c) no conditions exist that could cause a fire to spread within 25 feet of any structure. IFC (2018) §§ 202, 307.4.2.

35. The fire that Stilp and Connolley lit satisfied all such requirements.

36. Because the Burn Ordinance as written does not on its face expressly allow the lighting and burning of a flag in a manner otherwise meeting the requirements of a "recreational fire," the Burn Ordinance arbitrarily distinguishes between different forms of fires based on the expressive purpose to which they are put and allowing, for example, fires for "pleasure," "ceremonial" and "religious" purposes, while prohibiting the exact same fire if lit and maintained for the purpose of political demonstration.

37. Irrespective of any facial allowance for open burning for political expression, the Borough interprets and applies the Burn Ordinance as though such fires are prohibited even though otherwise meeting the requirements of "recreational fire" thereunder.

38. Additionally, the vagueness of the language of the Burn Ordinance, with its lack of clarity as to whether a fire used for political demonstration is allowed under the "recreational fire" exception, allows the Borough to enforce the Burn Ordinance in an unconstitutionally arbitrary and discriminatory way.

39. Violations of the Borough's Burn Ordinance are punishable as summary offenses with penalties of up to $1,000 per violation and 30 days in prison. See Ex. E, Burn Ordinance §§ 57-3(F), 57-5, Ex. F, IFC (2018) § 110.4 (successor to IFC (2003) § 109.3).

40. Violators are further subject to civil actions for abatement. IFC (2018) § 110.4.1 (successor to IFC (2003) § 109.3.1).

41. The Borough has *de facto* prohibited, by facial overbreadth, application and/or vagueness of the Burn Ordinance, all burning of flags as a form of political protest despite the Burn Ordinance's allowance of recreational fires for "pleasure," "ceremonial" and "similar" purposes.

42. Stilp and Connolley are under reasonable fear of governmental restraint of future expressive conduct, prosecution and other adverse civil proceedings if they should conduct further political protests in the Borough of West Chester through the use of flag burning.

43. Because of the actual and arbitrary prohibition of their political demonstration despite their reasonably-interpreted compliance with the Burn Ordinance as written—vague though it be—Stilp and Connolley reasonably fear conducting protests involving flag burning in public places in the future within the Borough of West Chester.

44. Stilp and Connolley desire the freedom to conduct one or more additional flag burning protests in the future within the Borough of West Chester, including both on courthouse grounds and in other public areas of the City.

45. Stilp and Connolley have no adequate remedy at law to prevent prospective enforcement of the Burn Ordinance against them and suppression of their constitutionally-protected right of expression.

**Count I
Violation of First Amendment Right to Free Expression
(Facial Challenge)
42 U.S.C. § 1983**

46. The averments of the foregoing paragraphs are incorporated by reference.

47. The Burn Ordinance is overly broad in prohibiting constitutionally protected expressive conduct, to wit, open burning otherwise meeting the definition of "recreational fire"

7

under the ordinance when undertaken for a political expressive purpose but not within the ordinance's allowance for "ceremonial," "pleasure" or other "similar" purpose.

48. The Burn Ordinance facially violates the First Amendment by prohibiting expressive conduct for the purpose of political demonstration while permitting other qualitatively identical expressive conduct for non-political demonstration purposes.

49. Stilp and Connolley are in reasonable fear of prosecution for a summary offense and civil action for abatement by the Borough under the Burn Ordinance (as well as the imposition of additional penalties) if they would again attempt to burn political flags as expressive conduct given that the Burn Ordinance facially does not clearly permit such conduct.

**WHEREFORE**, Plaintiffs Stilp and Connolley pray the Court to:

    a. PERMANENTLY ENJOIN enforcement of the Burn Ordinance by the Borough of West Chester as FACIALLY UNCONSTITUTIONAL under the First Amendment for prohibiting the lighting and maintaining of fires for the purpose of political demonstration in all respects; and

    b. AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

### Count II
### Violation of First Amendment Right to Free Expression
### (As Applied Challenge)
### 42 U.S.C. § 1983

50. The averments of the foregoing paragraphs are incorporated by reference.

51. Irrespective of the language of the Burn Ordinance, the Borough has actually applied the Burn Ordinance in violation of Stilp and Connolley's right to freedom of political expression under the First Amendment.

8

52. Stilp and Connolley's actions were undertaken for "pleasure," "ceremonial" or "similar" purpose under the Burn Ordinance and otherwise met the requirements for a "recreational" fire, yet Borough officials issued Stilp and Connolley citations for igniting the fire, pursued the citations against Stilp and Connolley in a summary trial, and Stilp and Connolley are under ongoing threat of prosecution if they should again engage in the public burning of flags in ceremonial political demonstration.

53. Such action by the Borough demonstrates that, apart from whether the Ordinance facially allows the use of open burning for political demonstration even if meeting the requirements of a "recreational fire," the Borough applies the Burn Ordinance in a way so as to prohibit such open burning.

54. Stilp and Connolley are in reasonable fear of prosecution for a summary offense and civil action for abatement by the Borough under the Burn Ordinance if they would again attempt to burn political flags as expressive conduct in light of the Borough's application of the Burn Ordinance.

**WHEREFORE**, Plaintiffs Stilp and Connolley pray the Court to:

a. PERMANENTLY ENJOIN enforcement of the Burn Ordinance by the Borough of West Chester as UNCONSTITUTIONAL AS APPLIED under the First Amendment in prohibiting the burning of political flags otherwise meeting the requirements for "recreational fire" under the Borough's Burn Ordinance; and

b. AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

## Count III
## Burn Ordinance Void for Vagueness Under the First and Fourteenth Amendments
## 42 U.S.C. § 1983

55. The averments of the foregoing paragraphs are incorporated by reference.

56. Alternatively, the Burn Ordinance is vague in that it does not provide a person of ordinary intelligence with a reasonable opportunity to know what conduct is prohibited and to act accordingly to avoid punishment or adverse civil proceedings.

57. Additionally, the Burn Ordinance is vague in that it touches upon sensitive and protected areas of expressive activity and, due to its lack of precision, inhibits expressive activity and chills the exercise of conduct protected under the First Amendment.

58. The Burn Ordinance is void for vagueness under the Fourteenth Amendment for allowing "recreational" fires of a certain size for "pleasure," "ceremonial" or "similar" purposes but not defining such words, thereby leaving to the discretion of law enforcement the decision whether to punish people such as Stilp and Connolley who would use flag burning in political demonstrations.

59. The Burn Ordinance is void for vagueness under the First Amendment because, in operation, its uncertain meaning as to what fires will be deemed by officials charged with enforcing the Burn Ordinance to be for "pleasure," "ceremonial," or "similar" purposes inhibits the exercise of expressive rights protected by the First Amendment.

60. In the fog of this vagueness the Borough has unconstitutional discretion to interpret and enforce the Burn Ordinance in an arbitrary and discriminatory manner, and in fact did so against Stilp and Connolley, all in violation of the Fourteenth Amendment's guarantee of procedural due process.

61. The Burn Ordinance is reasonably interpreted to include fires meeting the requirements of a "recreational" fire for "pleasure," "ceremonial," or "similar" purpose, yet Borough officials issued Stilp and Connolley citations for igniting the fire, pursued the citations against Stilp and Connolley in a summary trial, and Stilp and Connolley are under ongoing threat of prosecution if they should again engage in public burning of flags as part of public political demonstration.

**WHEREFORE**, Plaintiffs Stilp and Connolley pray the Court to:

a. PERMANENTLY ENJOIN enforcement of the Burn Ordinance by the Borough of West Chester against him as VOID FOR VAGUENESS under the First and Fourteenth Amendments; and

b. AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

### Count IV
### Burn Ordinance Overbroad Under the First Amendment
### 42 U.S.C. § 1983

62. The averments of the foregoing paragraphs are incorporated by reference.

63. The Burn Ordinance is overbroad in that, both facially and through its application by the Borough, the Burn Ordinance prohibits constitutionally protected conduct and deters privileged activity.

64. The Burn Ordinance, on its face, does not permit burning for political demonstrations, yet allows burning for "pleasure," "ceremonial," or "similar" purpose, sweeping within the conduct prohibited by the Burn Ordinance conduct which is protected by the First Amendment.

11

65. The Burn Ordinance, through its application, apparently prohibits burning for political demonstrations, yet expressly permits burning for "pleasure," "ceremonial," or "similar" purpose, deterring protected activity and placing prohibitions and sanctions on activity protected by the First Amendment.

**WHEREFORE**, Plaintiffs Stilp and Connolley pray the Court to:

a. PERMANENTLY ENJOIN enforcement of the Burn Ordinance by the Borough of West Chester against him as OVERBROAD under the First Amendment; and

b. AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

## Count V
## Unconstitutional Suppression of Expressive Conduct Under the First Amendment
## (Damages)
## 42 U.S.C. § 1983

66. The averments of the foregoing paragraphs are incorporated by reference.

67. The Borough has violated Stilp and Connolley's right to freedom of political expression under the First Amendment by the vague and overly broad language of the Burn Ordinance as well as the Borough's unconstitutional application thereof.

68. Stilp and Connolley desire the freedom to conduct burnings otherwise meeting the requirements of a "recreational fire" under the Burn Ordinance in the future, but fear to do so because of the overbreadth and vagueness of the ordinance and the Borough's actual application thereof which have chilled his freedom of political expression.

69. Stilp and Connolley have suffered damages by virtue of the Borough's abridgement of their First Amendment rights to free expression for which they must be compensated.

70. WHEREFORE, Plaintiffs Stilp and Connolley pray the Court to:

    a. ENTER JUDGMENT in Stilp and Connolley's favor and against the Borough of West Chester for nominal and compensatory damages for the Borough's historic denial of Stilp and Connolley's right to engage political demonstration by burning a flag even though such burn meets the requirements of a "recreational fire" under the Burn Ordinance in every qualitative respect except for the political message it conveys; and

    b. AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

    Respectfully submitted,

    **METTE, EVANS & WOODSIDE**

By: /s/ Aaron D. Martin
_____
Aaron D. Martin
Pa. Atty. I.D. 76441
3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000 (phone)
(717) 236-1816 (fax)
admartin@mette.com

*Attorney for Plaintiffs,*
*Gene Stilp and Stephen J. Connolley*

Dated: September 7, 2021.