IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gene Stilp and<br>Stephen J. Connolley, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | No. 2:21-cv-03989 |
| | : | |
| Borough of West Chester, | : | Hon. Gene E.K. Pratter |
| | : | |
| Defendant. | : | |

**PLAINTIFFS' PRETRIAL MEMORANDUM**

**1.    Nature of Action and Basis of Court's Jurisdiction**

Flag burning has been recognized as protected expressive conduct under the First Amendment since the 1989 decision in *Texas v. Johnson*, 491 U.S. 397 (1989). Despite this, the Borough of West Chester ("Borough") enforced its local open burn ordinance ("Burn Ordinance") against Plaintiffs when they conducted a political demonstration involving flag burning in front of the Old Glory monument, located in front of the historical Chester County Courthouse, with the county's permission.

The Borough's Burn Ordinance specifically permits recreational and ceremonial fires to be conducted within the Borough without prior permission. Yet, despite this allowance, Plaintiffs' expressive conduct was actually suppressed and Plaintiffs were cited under the Burn Ordinance. Accordingly, Plaintiffs brought this suit seeking prospective injunctive relief from the Borough's enforcement of its Burn Ordinance. Plaintiffs assert that the Burn Ordinance is facially unconstitutional and as-applied to Plaintiffs in that it cannot withstand either intermediate or strict scrutiny analysis. Plaintiffs further contend that the Burn Ordinance is void for vagueness under the First and Fourteenth Amendments by virtue of its undefined terms and

grant of unbridled enforcement authorization to enforcing agents. Additionally, Plaintiffs assert that the Burn Ordinance is overbroad by suppressing too much constitutionally protected speech such as Plaintiffs' political expression through the means of flag burning. In addition to requesting prospective injunctive relief, Plaintiffs also seek damages for the actual and ongoing suppression of their speech by the Borough.

This Court's original jurisdiction is founded upon 28 U.S.C. § 1343. The case is brought under 42 U.S.C. § 1983, and attorneys fees are authorized under 42 U.S.C. § 1988.

**2.      Brief Statement of Facts**

The Borough has adopted the International Fire Code of 2003, as supplemented, reissued, amended, and revised. The current edition of the International Fire Code at the time of Plaintiff's political demonstration was the 2018 International Fire Code ("IFC") which permits fires for "pleasure, religious, ceremonial, cooking, warmth, or similar purposes" to be lit within the Borough without prior governmental permitting so long as the fire meets certain criteria. Despite no prior approval being required by the Burn Ordinance, Stilp notified the County of his protest and was granted permission to conduct the same.

On October 28, 2022, Stilp and Connolley travelled to the historic Chester County Courthouse to conduct their political demonstration which involved the burning of Trump Protest Flags. Upon Plaintiffs' arrival, a representative of the Borough, Kevin Gore, approached Plaintiffs and advised that Plaintiffs would be cited if they conducted the demonstration burning the flags advising that burning was not allowed under the Borough's Ordinances and in spite of the County Commissioner's permission. Plaintiffs decided to proceed with the demonstration and were thereafter cited by Gore for violating the Borough's Burn Ordinance (citations which were later dismissed by the magisterial district court after summary trial). The Burn Ordinance

    was enforced against Plaintiffs despite their activities being protected under the First Amendment and despite the fact that the IFC does not define either "recreational" or "ceremonial," both of which are permitted purposes for burning within the Borough. Plaintiffs remain subject to future enforcement action should they conduct an additional demonstration within the Borough involving flag burning.

**3. Monetary Damages and Equitable Relief**

Plaintiffs seek general damages for the suppression of their First Amendment Rights.

Plaintiffs seek an order prospectively enjoining the Borough from enforcing the Burn Ordinance against Plaintiffs in future flag burning demonstrations conducted in a like manner within the Borough.

Plaintiffs seek attorneys fees and costs pursuant to 42 U.S.C. § 1988.

**4. Witnesses**

Liability & Damages

a) Gene Stilp – c/o Mette, Evans & Woodside, 3401 North Front Street, P.O. Box 5950, Harrisburg, PA 17110

b) Stephen Connolley - c/o Mette, Evans & Woodside, 3401 North Front Street, P.O. Box 5950, Harrisburg, PA 17110

**5. Exhibits**

a) Borough of West Chester Code §§ 57-1 through 57-5

b) International Fire Code 2018

c) Press Release dated October 27, 2020

d) Chester County Commissioner's Response, via Rebecca Brain, dated October 27, 2020

e) Non-Traffic Citation & Summons issued to Eugene Stilp

f) Docket Sheet for Non-Traffic Citation issued against Stephen Connolley

    g) Video Recording Prior to Demonstration

    h) Video Recording of Demonstration

**6.  Time for Trial**

Plaintiffs estimate that trial in this matter can be completed in one day.

**7.  Special Comments**

None.

                                           **METTE, EVANS & WOODSIDE**

                                           */s/ Aaron D. Martin*

By: _____

                                           Aaron D. Martin
                                           Pa. Attorney I.D. No. 76441
                                           Sarah E. Straub
                                           Pa. Attorney I.D. No. 330748
                                           3401 North Front Street
                                           Harrisburg, PA  17110
                                           (717) 232-5000
                                           admartin@mette.com

                                           *Attorneys for Plaintiffs,*
                                           *Gene Stilp & Stephen Connolley*

Date: June 10, 2022

2018535v1