**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GENE STILP et al.,** | : | |
| *Plaintiffs* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **BOROUGH OF WEST CHESTER,** | : | **No. 21-3989** |
| *Defendant* | : | |

**M E M O R A N D U M**

PRATTER, J.                                                                AUGUST 25, 2022

Plaintiffs Gene Stilp and Stephen Connolley[1] challenge the Borough of West Chester's

Burn Ordinance as an unconstitutional suppression of their First Amendment rights to burn a flag

in protest of various people and political policies.  The Burn Ordinance prohibits open burns within

25 feet of "combustible" materials.  The Borough argues its Burn Ordinance is a valid time, place,

and manner restriction to protect public safety.

The Borough has moved for summary judgment on all claims.  Although the Borough

argues that the plaintiffs have not provided certain evidence in support of their arguments, there is

more than one way to ignite a lawsuit.  Because there is sufficient kindling for each claim, the

Court denies the Borough's summary judgment motion.

**BACKGROUND**

**I.     The Protest**

This case concerns a flag burning demonstration at the Chester County Courthouse on

October 28, 2020.  Mr. Stilp is a political activist who has burned campaign flags and other items

as political demonstrations since 2017.  Mr. Stilp holds a "Firefighter II" certification in

---

[1] Throughout this memo, the Court refers to the plaintiffs collectively as "Mr. Stilp" for the sake of brevity and because Mr. Stilp is the primary plaintiff who performed the flag burning, while Mr. Connolley typically assists Mr. Stilp in these demonstrations.  The parties did not submit a deposition transcript for Mr. Connolley.

1

firefighting and is a current firefighter.  He typically issues a press release regarding his

demonstrations and seeks permission from the county commissioner's office beforehand.  On

October 27, 2020, Mr. Stilp obtained permission for the demonstration at issue in this case from

Public Information Officer Rebecca Brain.  Ms. Brain sent the following email:

> In response to your email request below for permission to use the steps of the
> Chester County Historic Courthouse, I am writing to confirm that permission has
> been granted for this event to take place.
>
> We understand that the event will be held on Wednesday, October 28, 2020, at 3:00
> pm and that there will be five people in attendance.
>
> We ask that you adhere to Chester County's policy regarding the use of County
> property, including responsibility for any and all property damage and/or bodily
> injury resulting from the use of County property, and prohibited use or possession
> of alcoholic beverages. We also request that no signs or stakes are placed in the
> lawn area and that no banners or signs are hung from the columns or building.
>
> Given the nature of your request to burn items in a trash can, the County will also
> have a representative in attendance to ensure the demonstration remains safe at all
> times.

Compl. Ex. B, Doc. No. 1-2.

On October 28, Mr. Stilp set up in front of the courthouse (specifically, in front of the Old

Glory monument)[2] with a metal trash can, five dual-sided Trump flags and a "postage stamp"

poster in a cardboard box, other posters behind him, and a fire extinguisher.  He arrived with Mr.

Connolley and Charles Facka.  Mr. Facka recorded a video of the demonstration.

Upon the group's arrival, Borough law enforcement officer Kevin Gore told Mr. Stilp that

the flag burning violated the Borough's ordinances and warned him that he would be cited if he

burned the flags.  Mr. Stilp and Mr. Connolley then burned the flags and the postage stamp poster.

Mr. Stilp was interrupted briefly by a counter-protestor flying a drone near his head.

---

[2] The Borough emphasizes that Mr. Stilp and Mr. Connolley "went forward with their protest on the bricks
in front of a monument, not the courthouse steps."  Def.'s Statement of Undisputed Material Fact ¶ 13, Doc.
No. 10.  The Borough does not explain why this distinction is relevant.

Several weeks after the demonstration, Officer Gore issued Mr. Stilp and Mr. Connolley citations for the protest.  Mr. Stilp's citation states that he "conducted and participated in unapproved open burning, after being given verbal directive that open burning was prohibited." Compl. Ex. C, Doc. No. 1-2, at ECF 13.  The citation includes a separate notation for "request max fine $1,000" and the "Total Due" including costs and fees is $1,092.75.  *Id.* at ECF 12.  The summons, issued November 25, 2020, describes the offense as a violation of the local ordinance provision prohibiting open burning: "§ 57 §§ 307.1 (Lead) Open Burning Prohibited."  *Id.*

Although Mr. Stilp and Mr. Connolley's citations have since been dismissed, they desire to conduct additional flag burning demonstrations in the future.

## II.     The Ordinance

The Borough has adopted the 2003 edition of the International Fire Code as its Burn Ordinance.  Section 202 defines the relevant terms as follows:

> **OPEN BURNING**.
>
> The burning of materials wherein products of combustion are emitted directly into the ambient air without passing through a stack or chimney from an enclosed chamber. Open burning does not include road flares, smudgepots and similar devices associated with safety or occupational uses typically considered open flames, recreational fires or use of outdoor portable fireplaces. For the purposes of this definition, a chamber shall be regarded as enclosed when, during the time combustion occurs, only apertures, ducts, stacks, flues or chimneys necessary to provide combustion air and permit the escape of exhaust gas are open . . . .
>
> **RECREATIONAL FIRE**.
>
> An outdoor fire burning materials other than rubbish where the fuel being burned is not contained in an incinerator, outdoor fireplace, portable outdoor fireplace, barbeque grill or barbeque pit and has a total fuel area of 3 feet (914 mm) or less in diameter and 2 feet (610 mm) or less in height for pleasure, religious, ceremonial, cooking, warmth or similar purposes . . . .

**RUBBISH (TRASH)**.

Combustible and noncombustible waste materials, including residue from the burning of coal, wood, coke or other combustible material, paper, rags, cartons, tin cans, metals, mineral matter, glass crockery, dust and discarded refrigerators, and heating, cooking or incinerator-type appliances.

Pl.'s Ex. A, Doc. No. 12-1, at ECF 45, 49-50 (underline added). Section 307 then addresses

restrictions on open burns:

**307.1 General**.
A person shall not kindle or maintain or authorize to be kindled or maintained any *open burning* unless conducted and *approved* in accordance with Sections 307.1.1 through 307.5 . . . .

**307.4 Location**.
The location for open burning shall be not less than 50 feet (15,240 mm) from any structure, and provisions shall be made to prevent the fire from spreading to within 50 feet (15,240 mm) of any structure.

**Exceptions**:
1. Fires in *approved* containers that are not less than 15 feet (4572 mm) from a structure.
2. The minimum required distance from a structure shall be 25 feet (7620 mm) where the pile size is 3 feet (914 mm) or less in diameter and 2 feet (610 mm) or less in height . . . .

**307.4.2 Recreational fires**.
*Recreational fires* shall not be conducted within 25 feet (7620 ram) of a structure or combustible material. Conditions that could cause a fire to spread within 25 feet (7620 mm) of a structure shall be eliminated prior to ignition.

Pl.'s Ex. A, Doc. No. 12-1, at 59 (italics in original, underlining added).

The Burn Ordinance does not define "combustible material," but it does include a "terms not defined" section, which establishes that undefined terms are to be interpreted using the 11th edition of Merriam Webster's Collegiate Dictionary. Ex. F § 201.4, Doc. No. 1-2.  The dictionary defines "combustible" as "capable of combustion."  *Combustible* (def. 1), *Merriam Webster's Collegiate Dictionary* (11th ed. 2020).  "Combustion," in turn, is defined as "an act or instance of burning."  *Combustion* (def. 1), *id.*

4

The Borough asserts that Mr. Stilp conducted a recreational fire, which "shall not be conducted within 25 feet . . . of a structure or combustible material" under § 307.4.2 of the Borough's Burn Ordinance.  Def.'s Ex. B, Doc. No. 10-2.  Discovery having been completed, the Borough now moves for summary judgment.

## LEGAL STANDARD

A court can grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." *Id.*  "Under Rule 56, the Court must view the facts and all reasonable inferences in the light most favorable to the non-moving party." *Cridland v. Kmart Corp.*, 929 F. Supp. 2d 377, 384 (E.D. Pa. 2013).

"Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Power v. Lockheed Martin Corp.*, 419 F. Supp. 3d 878, 888–89 (E.D. Pa. 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  "To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. N.J. Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007).

## DISCUSSION

Defendants move for summary judgment on all claims.  Mr. Stilp asserts both as-applied and facial claims under the First Amendment. Indeed, First Amendment claims may have

"characteristics of both" as-applied and facial challenges. *Doe v. Reed*, 561 U.S. 186, 194 (2010).

Mr. Stilp's claim is an "as-applied" challenge "in the sense that it does not seek to strike the [Burn

Ordinance] in all its applications, but only to the extent it covers" political flag burning. *Id.* At

the same time, "[t]he claim is 'facial' in that it is not limited to [the] plaintiffs' particular case, but

challenges application of the law more broadly to all" flag burning. *Id.* To the extent Mr. Stilp

seeks a permanent injunction that extends "beyond [his] particular circumstances" to all flag-

burning demonstrations, he must satisfy the "standards for a facial challenge to the extent of that

reach." *Id.*

Courts typically begin their analysis with the as-applied challenge because it is the

narrower question. *See, e.g., Free Speech Coal., Inc. v. Att'y Gen. of U.S.*, 677 F.3d 519, 533–40

(3d Cir. 2012). Thus, the Court begins with the as-applied challenge, followed by the cluster of

facial challenges.

I.      **As-Applied Challenge**

First, Mr. Stilp argues that the Burn Ordinance is unconstitutional as applied to his October

28, 2020 political protest. To prove a successful as-applied challenge, he must show that "under

[these] particular circumstances [he was] deprived . . . of a constitutional right." *United States v.*

*Mitchell*, 652 F.3d 387, 406 (3d Cir. 2011).

Flag burning as a form of political protest is expressive conduct protected by the First

Amendment. *United States v. Eichman*, 496 U.S. 310, 315 (1990); *Texas v. Johnson*, 491 U.S.

397, 406 (1989). The parties do not dispute this, but they do dispute the appropriate level of

scrutiny for regulation of such conduct.

6

A.  **What Is the Proper Level of Scrutiny?**

The Borough argues that the Burn Ordinance is a content-neutral regulation subject to intermediate scrutiny.  "A regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others." *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989); *see also id.* ("The principal inquiry in determining content neutrality, in speech cases generally and in time, place, or manner cases in particular, is whether the government has adopted a regulation of speech because of disagreement with the message it conveys.").  "So long as the justifications for regulation have nothing to do with content, . . . the regulation [i]s properly analyzed as content neutral." *Boos v. Barry*, 485 U.S. 312, 320 (1988).

Mr. Stilp counters that the definition of recreational fire allows burns "for pleasure, religious, ceremonial, cooking, warmth or similar purposes" while prohibiting burns for other purposes such as political demonstrations.  Under this interpretation, he argues strict scrutiny should apply.  But the Borough argues in its summary judgment briefing that Mr. Stilp's demonstration involved a ceremonial fire that is, in fact, a recreational fire.  *See* Def.'s Mem. of Law in Supp. of its Mot. for Summ. J., Doc. No. 10, at 5.

Although the Burn Ordinance references various purposes in defining a recreational fire, it appears content-neutral for three reasons.  First, Section 307.4 allows *all* open burns that are less than 3 feet in diameter (and 2 feet high) as long as they are 25 feet away from combustible materials—the same distance as recreational fires in Section 307.4.2.  Second, because the Borough argues in its summary judgment briefing that Mr. Stilp's demonstration involved a recreational fire by virtue of serving a ceremonial purpose, it is not clear that any distinctions are drawn to exclude political expression.  *Reed v. Town of Gilbert*, 576 U.S. 155, 163–64 (2015).

Third, in the flag burning context, courts typically distinguish between statutes that prohibit burning based on its expressive purpose as content-based versus general fire ordinances as content-neutral. *See R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 385 (1992) ("We have long held, for example, that nonverbal expressive activity can be banned because of the action it entails, but not because of the ideas it expresses—so that burning a flag in violation of an ordinance against outdoor fires could be punishable, whereas burning a flag in violation of an ordinance against dishonoring the flag is not."). Therefore, the Court finds that the Burn Ordinance is content-neutral and will apply intermediate scrutiny.

## B.  Does the Ordinance Survive Intermediate Scrutiny?

A content-neutral regulation must be "narrowly tailored to serve a significant governmental interest." *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984). "Narrow tailoring is satisfied where the statute at issue does not 'burden substantially more speech than is necessary to further the government's legitimate interests.'" *Free Speech Coal.*, 677 F.3d at 536 (quoting *Ward*, 491 U.S. at 799). "A statute may satisfy intermediate scrutiny even though it is not the 'least restrictive or least intrusive' means of furthering the government's substantial interest." *Id*. at 535 (quoting *Ward*, 491 U.S. at 798). For an as-applied challenge, "the issue . . . is whether the [provision] burden[s] substantially more of Plaintiffs' speech than is necessary to further the government's legitimate interest." *Id*. at 536.

The Borough argues that the Burn Ordinance serves the interest of public health and safety and is narrowly tailored to this interest. Def.'s Mem. of Law in Supp. of its Mot. for Summ. J., Doc. No. 10, at 5. But its only support is its argument that the Ordinance "expressly concerns itself with limiting the unwanted spread of recreational fires to nearby combustible materials." *Id.* The Borough emphasizes that there were other places Mr. Stilp could have conducted the burning

and that he could, and did, hold up signs instead of burning flags.  *Id.*  It also points to Mr. Stilp's

deposition testimony that he was unaware of the required distance from combustible material.

However, the Borough does not actually argue that the October 28, 2020 demonstration

threatened public safety.  Rather, the Borough argues generally that conducting fires within 25 feet

of combustible material is unsafe based on the International Fire Code setting this requirement,

*i.e*., it is unsafe because it is said to be unsafe.  This circular argument devoid of evidentiary support

is insufficient to award summary judgment.  *See McTernan v. City of York*, 564 F.3d 636, 656 (3d

Cir. 2009) (overturning grant of summary judgment where there was "a paucity of evidence as to

the safety hazards presented by protesters' activities" and the defendant failed to establish the

challenged safety regulation was narrowly tailored).  Mr. Stilp emphasizes that the Borough does

not introduce any support for the 25-foot requirement such as "the affidavit of any fire safety

expert, any scientific studies, any minutes of a borough council meeting when adopting the

Ordinance, or even any lay testimony, to suggest that the breadth of the Ordinance's restriction is

necessary to protect public safety."  Pls.' Br. in Opp. to Def.'s Mot. for Summ. J., Doc. No. 12, at

5.

In contrast, Mr. Stilp provides evidence to challenge whether the Ordinance, as applied to

him, promoted public safety.  He testified that his flag burning demonstration was "completely in

the margins of safety in [his] experience as a firefighter."  Stilp Dep. Tr. at 49:11–17, 55:16–19,

Doc. No. 10-3.  For example, he explained that his trash can was "a contained galvanized metal

container with an appropriate lid available" and that he had a fire extinguisher at his side.  *Id*. at

55:1–8.  Although neither party addresses whether this testimony serves as lay opinion or expert

witness testimony, the uneventful completion of Mr. Stilp's demonstration tends to support Mr.

Stilp's argument that the application of the Burn Ordinance to his activity did not promote fire

safety.   Further, the fact that Officer Gore stood by while allowing Mr. Stilp to complete the burning—without asking him to move any combustible material—calls into question whether Officer Gore had genuine safety concerns as applied to Mr. Stilp's activity.

Additionally, Mr. Stilp argues that there is insufficient evidence that Officer Gore actually cited him for the 25-foot distance violation asserted at summary judgment.  Pls.' Br. in Opp. to Def.'s Mot. for Summ. J., Doc. No. 12, at 10.  The citation does not note any nearby combustible materials and the Borough did not introduce deposition testimony or an affidavit from Officer Gore.  *See* Compl. Ex. C, Doc. No. 1-2, at 12–13.  Mr. Stilp argues that this dearth of evidence suggests that the 25-foot violation is a *post hoc* rationalization for the citation.  Pls.' Br. in Opp. to Def.'s Mot. for Summ. J., Doc. No. 12, at 10. The Borough has also taken inconsistent positions on the reason for the citation in this litigation.[3]

Rather than addressing these points, the Borough argues that the as-applied challenge must fail because (1) "Plaintiffs were permitted to conduct their ceremonial political burning without interference from law enforcement" and (2) "Plaintiffs failed to identify any other individual, organizations or entity which were allowed to conduct a recreational burn where combustible materials were present within 25 feet of the open burn."  Def.'s Mem. of Law in Supp. of Its Mot. for Summ. J., Doc. No. 10, at 7.

---

[3]  Although the Borough now argues that Mr. Stilp impermissibly burned his trash can fire within 25 feet of grass, bushes, cardboard boxes and large signs, Def.'s Statement of Undisputed Material Facts ¶ 21, Doc. No. 10, the Borough asserted in its Answer that the Burn Ordinance prohibits the burning of "rubbish" and that the Borough considered the items Mr. Stilp burned "rubbish."  Answer, Doc. No. 4 ¶ 80–81.  This would render the fire *not* a recreational fire.  *Recreational Fire*, Pls.' Ex. A, Doc. No. 12-1, at 49 ("RECREATIONAL FIRE. An outdoor fire burning materials other than rubbish . . . .").  But now, at summary judgment, the word "rubbish" does not appear anywhere in the Borough's briefing.  This shifting justification could support a viewpoint discrimination theory based on pretext. *Cf. Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994) (discussing pretext as a disputed issue of fact for summary judgment purposes in employment discrimination context).

Neither argument helps the Borough satisfy its summary judgment burden. On the Borough's first point, Officer Gore issued Mr. Stilp and Mr. Connolley citations threatening fines over $1,000. Although the citations have been dismissed, the Burn Ordinance remains in place and Mr. Stilp and Mr. Connolley argue that these events have chilled their future demonstrations. Pls.' Br. in Opp. to Def.'s Mot. for Summ. J., Doc. No. 12, at 12. A chilling effect on future expression is sufficient injury to establish a constitutional violation, so the Borough's argument on this point does not defeat the as-applied challenge. *Pipito v. Lower Bucks Cnty. Joint Mun. Auth.,* 822 F. App'x 161, 164 (3d Cir. 2020).

On the second point, it is not necessary for Mr. Stilp to identify comparators to establish an as-applied challenge, and the Borough cites no case law to support such a stance. Def.'s Mem. of Law in Supp. of Its Mot. for Summ. J., Doc. No. 10, at 7. Rather, it is the Borough's burden, as the moving party, to demonstrate that there is no dispute that the regulation is narrowly tailored to serve its asserted purpose. *McTernan*, 564 F.3d at 656. Because the Borough has not done so, the Court must deny summary judgment on the as-applied challenge.

## II.    Facial Challenge

The Borough also asks the Court to grant summary judgment on Mr. Stilp's facial challenges to the Burn Ordinance. Mr. Stilp claims that the Burn Ordinance violates the First and Fourteenth Amendments because it is overbroad and vague.

### A.  Overbreadth

"Government may not regulate expression in such a manner that a substantial portion of the burden on speech does not serve to advance its goals." *Ward*, 491 U.S. at 799. "A regulation of speech may be struck down on its face if its prohibitions are sufficiently overbroad—that is, if it reaches too much expression that is protected by the Constitution." *Sypniewski v. Warren Hills*

*Reg'l Bd. of Educ.*, 307 F.3d 243, 258 (3d Cir. 2002); *see also Broadrick v. Oklahoma*, 413 U.S. 601, 612–13 (1973) ("Facial overbreadth claims have also been entertained where statutes, by their terms, purport to regulate the time, place, and manner of expressive or communicative conduct."). But "a law may be invalidated as overbroad only if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *Free Speech Coal.*, 677 F.3d at 537 (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 n.6 (2008)). "Although the Supreme Court has not explicitly listed the factors to be considered in an overbreadth analysis, those factors have been identified as the number of valid applications, the historic or likely frequency of conceivably impermissible applications, the nature of the activity or conduct sought to be regulated, and the nature of the state interest underlying the regulation." *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 226 (3d Cir. 2004) (internal quotation marks omitted).

Mr. Stilp argues that the analysis of whether buffer zones such as the 25-foot requirement have a "legitimate sweep" is a question of fact unsuited for summary judgment. Pls.' Br. in Opp. to Def.'s Mot. for Summ. J., Doc. No. 12, at 5 (citing *Bruni v. City of Pittsburgh*, 824 F.3d 353, 374 (3d Cir. 2016)). Mr. Stilp emphasizes that the Borough has not provided any evidence that the Burn Ordinance's 25-foot restriction is necessary to protect public safety. *Id.*

The Borough again argues that Mr. Stilp is allowed to hold up signs and engage in other forms of protest in lieu of open burns. But the Supreme Court's "prior decisions have voiced particular concern with laws that foreclose an entire medium of expression." *City of Ladue v. Gilleo*, 512 U.S. 43, 55 (1994). Here, Mr. Stilp argues that the Ordinance effectively bans flag burning as a form of political protest. Although the Borough emphasizes the neutrality of its adoption of the International Fire Code, such a code is not entitled to a presumption of conformity

with the United States Constitution.  Nor does content neutrality protect the Burn Ordinance from overbreadth analysis.  Even measures that are "completely free of content or viewpoint discrimination" may be overbroad if they "foreclos[e] entire media" for expression.  *Id.*  The issue is whether "such measures . . . suppress too much speech."  *Id.*; *see also Frisby v. Schultz*, 487 U.S. 474, 485 (1988) ("A complete ban can be narrowly tailored, but only if each activity within the proscription's scope is an appropriately targeted evil.").

There is no evidence in the summary judgment record for the Court to determine how much of the 25-foot radius around an open burn constitutes a "legitimate sweep" to prevent fire safety threats.  *Cf. Bruni*, 824 F.3d at 365–66 (comparing cases involving regulation of abortion clinic protests for public safety purposes in which the Supreme Court found an eight-foot buffer zone sufficiently tailored but a 35-foot buffer insufficiently tailored).[4]  The Court "cannot adequately assess the overbreadth argument absent a well-supported conclusion regarding the proper scope of the Ordinance."  *Bruni*, 824 F.3d at 374.

Thus, the Borough has not met its summary judgment burden to establish that the *Gibson* overbreadth factors conclusively weigh in its favor.  For example, the Borough has not provided any justification for drawing the "safety" line at 25 feet or any examples of valid applications of the Burn Ordinance aside from its stance that the citations at issue in this case were valid.  Drawing reasonable inferences in Mr. Stilp's favor, a jury could conclude that the "number of valid applications" of the Burn Ordinance to prevent fires is small and the "historic or likely frequency of conceivably impermissible applications" is relatively high.  *Gibson*, 355 F.3d at 226.  Therefore, the Court denies the Borough's motion for summary judgment on the overbreadth claim.

---

[4]  The Borough argues that the Court should not look to cases like *Bruni* because "fire is a very different beast here because fire has to do with safety."  July 14, 2022 Hr'g Tr. at 30:5–6.  However, public safety was, in fact, one of the governmental interests at issue in that case.  *Bruni*, 824 F.3d at 367.  The Borough has not provided any other reason to distinguish the buffer-zone analysis in *Bruni* from this case.

**B. Vagueness**

The Borough also seeks summary judgment on Mr. Stilp's vagueness challenge. "[V]agueness and overbreadth [are] logically related and similar doctrines." *Kolender v. Lawson*, 461 U.S. 352, 358 n.8 (1983). A policy is unconstitutionally vague "if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or "if it authorizes or even encourages arbitrary and discriminatory enforcement." *Adams Outdoor Advert. Ltd. P'ship by Adams Outdoor GP, LLC v. Pa. Dep't of Transp.*, 930 F.3d 199, 205 (3d Cir. 2019) (quoting *Hill v. Colorado*, 530 U.S. 703, 732 (2000)). "Obscure lines between permissible and impermissible speech have an independent chilling effect on speech." *B.L. ex rel. Levy v. Mahanoy Area Sch. Dist.*, 964 F.3d 170, 185 (3d Cir. 2020). But "a policy can be struck down only if no reasonable limiting construction is available that would render the policy constitutional." *Sypniewski*, 307 F.3d at 259.

Mr. Stilp argues that the undefined term "combustible material" renders the Ordinance unconstitutionally vague. As Mr. Stilp quipped in his deposition, "Anything is combustible at a certain temperature." Stilp Dep. Tr. at 73:11–12, Doc. No. 10-3. The Burn Ordinance does not specify an ignition temperature at which one would consider a material to be combustible. Mr. Stilp argues that the prospective application of the Burn Ordinance to future protests imposes a chilling effect because it is not clear how he could conduct a flag burning demonstration that conforms with the Ordinance. For example, the Borough has taken the stance that "combustible" materials include mulch, grass, bushes, and flowers. Def.'s Statement of Undisputed Material Facts ¶ 18, Doc. No. 10. Through this reading, it is unclear how Ms. Brain could have ever approved a demonstration involving a burning outside the courthouse because it is surrounded by grass and other plants. Mr. Stilp further argues that it is questionable whether a demonstrator could

14

even wear clothing (which itself is combustible) to conduct a conforming protest involving an open burn.  Pls.' Br. in Opp. to Def.'s Mot. for Summ. J., Doc. No. 12, at 9.[5]

In response, the Borough cites case law from the licensing context to fashion an unexpected rule.  According to the Borough, "[t]o bring a facial challenge a plaintiff must allege that a licensing law gives a government official or agency substantial power to discriminate based upon the content or viewpoint of speech by suppressing disfavored speech or disliked speakers" and Mr. Stilp has "failed to allege or prove that the Burn Ordinance is a licensing law."  Def.'s Mem. of Law in Supp. of Its Mot. for Summ. J., Doc. No. 10, at 3.  Although the Borough cites a case involving a challenge to a licensing law, *Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 759 (1988), this is only one type of law that may be unconstitutionally vague.  *See e.g.*, *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972) (finding city's vagrancy ordinance void for vagueness).

Here, Ms. Brain actually provided the permit that Mr. Stilp requested to conduct his protest. Mr. Stilp does not challenge the licensing scheme, but rather, the vagueness of the Ordinance's definition of "combustible material" in its prohibitions on certain open burns.  Regardless of the type of policy involved, the vagueness test is whether the policy "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits."  *Adams Outdoor Advert. Ltd. P'ship*, 930 F.3d at 205.

Because Mr. Stilp has established a genuine dispute over whether the term "combustible material" as used in the Ordinance is unconstitutionally vague, the Court will also deny summary judgment for the Borough on the vagueness claim.

---

[5]  At oral argument, the Borough's counsel argued that this hypothetical is "silly," but did not explain why it would be incorrect.  July 14, 2022 Hr'g Tr. at 13:10.

### III.     Section 1983

Lastly, the Borough seeks summary judgment on Mr. Stilp's Section 1983 claims based on

the First Amendment right to expression and the Fourteenth Amendment.  The Borough's briefing

on the First Amendment portion relies on the arguments already rejected above.  Thus, only the

Fourteenth Amendment portions remain for the Court to consider.

In his Section 1983 claim based on the Fourteenth Amendment, Mr. Stilp asks the Court to

find the Burn Ordinance void for vagueness.  Compl. ¶ 61(a), Doc. No. 1.  Because Mr. Stilp

asserts that the Borough applied the Ordinance to him "in an arbitrary and discriminatory manner,"

the Borough addresses the Section 1983 challenge as one based on the Fourteenth Amendment

Due Process Clause.[6]  Compl. ¶ 60.  Mr. Stilp's responsive briefing does not address the Section

1983 claims or clarify whether this is a proper interpretation of the Fourteenth Amendment basis

for the claims.

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff

must allege that (1) he was deprived of an individual interest that is encompassed within the

Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available

to him did not provide 'due process of law.'"  *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34

(3d Cir. 2006).

Framing the § 1983 claim as a due process challenge, the Borough argues that "[t]here is

no evidence that Plaintiffs were deprived of any interest of life, liberty or property encompassed

by the protections of the Fourteenth Amendment."  Def.'s Mem. of Law in Supp. of Its Mot. for

---

[6]  To the extent Mr. Stilp and Mr. Connolley seek relief on a theory of substantive due process under the
Fourteenth Amendment, this would fold into the First Amendment claims.  *See Bruni*, 824 F.3d  at 374–75
(3d Cir. 2016) ("Where a particular Amendment provides an explicit textual source of constitutional
protection against a particular sort of government behavior, that Amendment, not the more generalized
notion of 'substantive due process,' must be the guide for analyzing these claims.").

Summ. J., Doc. No. 10, at 9.  Officer Gore did not stop or interrupt Mr. Stilp's expressive conduct,

and although the citation threatened a fine, it was not imposed.

But chilled speech establishes a free speech violation, *Pipito,* 822 F. App'x at 164, and

infringement of a fundamental right such as free speech is a deprivation of liberty under the

Fourteenth Amendment.  *Borden v. Sch. Dist. of Twp. of E. Brunswick*, 523 F.3d 153, 173–74 (3d

Cir. 2008).  This is because "[t]he fundamental concept of liberty embodied in th[e Fourteenth]

Amendment embraces the liberties guaranteed by the First Amendment." *Cantwell v. Connecticut*,

310 U.S. 296, 303 (1940); *see also F.C.C. v. Fox Television Stations, Inc*., 567 U.S. 239, 253

(2012) ("A fundamental principle in our legal system is that laws which regulate persons or entities

must give fair notice of conduct that is forbidden or required.").  Therefore, the Court denies the

Borough's summary judgment motion on Mr. Stilp's Section 1983 claims as well.

## CONCLUSION

In failing to meet its summary judgment burden, the Borough cannot extinguish Mr. Stilp

and Mr. Connolley's constitutional claims.  For the foregoing reasons, the Court denies the

Borough's motion for summary judgment in full.  An appropriate order follows.

**BY THE COURT:**

 **/s/ Gene E.K. Pratter**
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**