IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Gene Stilp and
Stephen J. Connolley,

      Plaintiffs,

vs.

Borough of West Chester,

      Defendant.

No. 2:21-cv-03989

Hon. Gene E.K. Pratter

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE LAY OPINION TESTIMONY IN ACCORDANCE WITH THE COURT'S ORDER OF NOVEMBER 8, 2021**

  Plaintiffs Gene Stilp and Stephen J. Connolley ("Plaintiffs") by undersigned counsel file this brief in support of their Motion in Limine to Preclude Lay Opinion Testimony in Accordance with the Court's Order of November 8, 2021.

**I. Pertinent Facts**

  The Borough of West Chester ("Borough") has adopted the an ordinance on burning that adopts the International Fire Code of 2003, as supplemented, reissued, amended, and revised ("Burn Ordinance"). The current edition of the International Fire Code at the time of Plaintiff's political demonstration was the 2018 International Fire Code ("IFC"), which permits fires for "pleasure, religious, ceremonial, cooking, warmth, or similar purposes" to be lit within the Borough without prior governmental permitting so long as the fire meets certain criteria. Despite no prior approval being required by the Borough's burn ordinance, Stilp notified Chester County of his protest and was granted permission to conduct the same by the county.

  On October 28, 2020, Plaintiffs Gene Stilp ("Stilp") and Stephen J. Connolley ("Connolley") travelled to the historic Chester County Courthouse to conduct their political

demonstration which involved the burning of Trump Protest Flags. Upon plaintiffs' arrival, a representative of the Borough, Kevin Gore, approached plaintiffs and advised plaintiffs that they would be cited if they conducted the demonstration burning the flags, advising that burning was not allowed under the Borough's ordinances despite the permission Plaintiffs had received from the county. Plaintiffs decided to proceed with the demonstration and were thereafter cited by Gore for violating the Borough's Burn Ordinance. The citations were later dismissed by Magisterial District Judge William Kraut following summary trial. The Burn Ordinance was enforced against Plaintiffs despite the protected status of their activities under the First Amendment and despite the fact that the IFC does not define either "recreational" or "ceremonial," both of which are permitted purposes for burning within the Borough. Plaintiffs remain subject to future enforcement action should they conduct any additional demonstrations within the Borough involving flag burning.

The Court's Scheduling Order of November 8, 2021 provides that parties "expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to issues of liability and damages shall, at the time required for submission of information and/or reports for expert witnesses on liability and damages, serve opposing parties with details and/or documents covering the lay opinions of the Rule 701 witnesses. See ECF Doc. 8. That deadline expired on March 25, 2022. See *id.* No details or documents covering the lay opinion of the Rule 701 witnesses, specifically Code Enforcement Officer Kevin Gore – the only witness identified by name prior to the filing of Defendant's Pre-Trial Memorandum – has been served upon Plaintiffs. Neither has the Borough produced any expert report to support the testimony of Gore – or any other witness – at trial.

## II. Questions Presented

Whether Defendant should be precluded from presenting the lay opinion testimony of 701 witnesses, including Code Enforcement Officer Kevin Gore, at trial in this matter.

## III. Legal Argument

The Court's Order dated November 8, 2021 imposes on parties the requirement to serve opposing parties with details and/or documents covering the opinions of Rule 701 witnesses by the deadline set for the submission of expert reports. See ECF Doc. 8. Defendant's failure to serve Plaintiffs with these items alone would be sufficient to preclude lay opinion testimony at trial. However, Rule 701 provides additional justification for lay opinion testimony to be excluded in this case.

Federal Rule of Evidence 701, entitled "Opinion Testimony by Lay Witnesses" states,

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Lay opinion testimony must satisfy all three subsections in order to be admissible. *Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 225 (3d Cir. 2008). Because none of the Borough's proffered witnesses, namely Code Enforcement Officer Kevin Gore ("Codes Officer Gore") can meet this tri-partite test, any and all lay opinion testimony the Borough might wish to present at trial should be precluded.

A trial court must first determine whether proposed lay opinion is rationally based on the witness's perception and "firsthand knowledge of the factual predicates that form the basis for the opinion." *Gov't of V.I. v. Knight*, 989 F.2d 619, 629 (3d Cir. 1993) (citing Fed. R. Evid. 701(a) advisory committee's note). The only witness proffered by defendant whom plaintiffs

3

definitively know. to have first-hand knowledge of the events is Codes Officer Gore. The remainder of the Borough's proposed trial witnesses never appeared in this case until the submission of Defendant's Pre-Trial Memorandum, preventing Plaintiffs' exploration of those witnesses' knowledge. Plaintiffs are separately filing motions to preclude witnesses *in toto* for Defendant's failure to timely identify them in initial disclosures and in response to discovery requests.

Secondly, lay opinion testimony must be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R. Evid. 701(b). The Third Circuit has recognized that "seldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness' and the witness turns into little more than an 'oath helper.'" *Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 226 (3d Cir. 2008) (citing *Mitroff v. Xomox Corp.*, 797 F.2d 271, 276 (6th Cir. 1986)).

Any lay opinion testimony to be proffered by Defendant at trial will likely relate to (a) the safety of Plaintiffs' political demonstration; (b) the applicability of the Burn Ordinance to Plaintiffs' political demonstration; and/or (c) the effectiveness or tailoring of the Burn Ordinance to achieve the Borough's goals to promote fire safety. Any testimony by a lay witness on these topics will be no more helpful to the jury than the opinions that the jury forms itself as a result of the factual evidence presented to it at trial. Put simply, any opinion testimony proffered by the Borough's witnesses, including Code Officer Gore, would amount to a self-serving opinion as to what result the jury should reach when the jury is entirely capable of forming its own opinions on the Burn Ordinance and its applicability to Plaintiffs. The jury is being called upon to form those very opinions.[1]

---

[1] The Advisory Committee Notes to Federal Rule of Evidence 704 make clear that "[u]nder Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes

4

The final requirement under Rule 701(c) is that admissible lay opinion testimony must "not [be] based on scientific, technical, or other specialized knowledge within the scope of Rule 702." This provision is intended to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness closing" and to "ensure[ ] that a party will not evade the expert witness disclosure requirements as set forth in Fed.R.Civ.P. 26… by simply calling an expert witness in the guise of a layperson." Fed. R. Evid. 701 advisory committee notes. Any opinion offered in this matter as to fire safety, combustibility, or the effectiveness of alternative methods of fire prevention and their effectiveness would depend on technical or specialized knowledge of various fire prevention methods, the characteristics of various materials when on fire, and knowledge of the effectiveness of alternative methods. Likewise, a lay opinion offered as to the tailoring or effectiveness of the IFC would also be inappropriate. As no witness identified in Defendant's Pre-Trial Memorandum is purported to possess such knowledge, none should be permitted to offer an opinion on these matters. "As the Advisory Committee Note to Rule 701 makes clear, a party simply may not use Rule 701 as an end-run around the reliability requirements of Rule 702 and the disclosure requirements of the Rules of Procedure. Preventing such attempts is the very purpose of subsection (c)." *Hirst*, 544 F.3d at 227-28.

In sum, for the combined reasons that Defendant failed to meet its disclosure deadline pursuant to the Court's November 8, 2021 order and because lay opinion testimony on the various topics likely to be presented at trial would be inadmissible, such testimony by Codes Officer Kevin Gore and any other defense witness should be precluded from the trial in this matter.

---

time. These provisions afford ample assurance against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day."

5

## IV. Conclusion

WHEREFORE, Plaintiffs request that the Court GRANT their Motion in Limine to Preclude Lay Opinion Testimony in Accordance with the Court's Order of November 8, 2021 and PRECLUDE Codes Officer Kevin Gore and any other witness presented by the defense at trial from giving expert or lay opinion testimony at the trial of this matter.

**METTE, EVANS & WOODSIDE**

By: /s/ Sarah E. Straub
Aaron D. Martin
Pa. Attorney I.D. No. 76441
Sarah E. Straub
Pa. Attorney I.D. No. 330748
3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000
admartin@mette.com

*Attorneys for Plaintiffs,*
*Gene Stilp & Stephen Connolley*

Date: September 16, 2022