IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gene Stilp and Stephen J. Connolley, | : : : | |
| Plaintiffs, | : : | |
| vs. | : : | No. 2:21-cv-03989 |
| Borough of West Chester, | : : | Hon. Gene E.K. Pratter |
| Defendant. | : | |

**Proposed Jury Instructions of Plaintiffs Gene Stilp and Stephen J. Connolley**

In addition to standard instructions to be delivered in the Court's discretion, Plaintiffs Gene Stilp and Stephen J. Connolley ("Plaintiffs") submit the following proposed instructions appropriate to Plaintiffs' claims in this case.

1.      **Third Circuit Model Jury Instruction 4.3 (Modified)**

## Section 1983 – Elements of Claim

[Plaintiff] ***Plaintiffs Eugene Stilp and Stephen Connolley*** must prove both of the following elements by a preponderance of the evidence:

First:  [Defendant] ***The Borough of West Chester*** acted under color of state law.

Second: While acting under color of state law, [defendant] ***the Borough of West Chester*** deprived [plaintiff] ***Eugene Stilp and Stephen Connolley*** of a federal [constitutional right] [statutory right].

I will now give you more details on action under color of state law, after which I will tell you the elements [plaintiff] must prove to establish the violation of [his/her] federal [constitutional right] [statutory right].

2.	**Third Circuit Model Jury Instruction 4.4.1 (Modified)**

**Section 1983 – Action under Color of State Law – Action under Color of State Law Is Not in Dispute Version A (government official)**

Because ~~[defendant]~~ *the Borough of West Chester is a municipal subdivision of the Commonwealth of Pennsylvania*~~was an official of [the state of ___] [the county of ___] [the city of ___] at the relevant time~~, I instruct you that ~~[he/she]~~*it* was acting under color of state law.  In other words, this element of ~~[plaintiff's]~~*s'* claim is not in dispute, and you must find that this element has been established.

*You should consider ordinances enacted by the Borough as well as the International Fire Code (2018 Edition) which has been adopted by the Borough as "law" for purposes of your deliberation.  I will refer to the Borough's ordinances and the International Fire Code (2018) Edition) collectively as the Borough's "ordinance" or "ordinances" in my instructions to you.*

**3.    Flag Burning as Expressive Conduct Protected Under the First Amendment**

Flag burning for the purpose of political statement is expressive conduct protected by the First Amendment. *Texas v. Johnson,* 491 U.S. 397, 406 (1989); *U.S. v. Eichman,* 496 U.S. 310 (1990).

## 4.     First Amendment Claims Asserted by the Plaintiffs

The First Amendment to the Constitution of the United States prohibits the government from abridging the freedom of speech. *Americans for Prosperity Found. v. Bonta*, ___ U.S. ___, 141 S.Ct. 2373, 2382 (2021); U.S. Const. amend I; XIV.

Abridging the freedom of speech includes taking actions which have a chilling or deterrent effect on future expression which is sufficient to establish a constitutional violation. *Pipito v. Lower Bucks Cnty. Joint Mun. Auth.,* 822 F. App'x 161, 164 (3d Cir. 2020).

In this case Plaintiffs have asserted two claims under the First Amendment. First, Plaintiffs have asserted that the Borough of West Chester's ordinances are facially unconstitutional under the First Amendment in the way in which they regulate flag burning. Secondly, Plaintiffs have asserted that the Borough of West Chester's ordinances are unconstitutional as applied to them under the First Amendment.

**5.      Elements of Intermediate Scrutiny**

Because the Borough's ordinances are content-neutral, the Borough must establish that the ordinances meet a test known as "intermediate scrutiny."

Intermediate scrutiny requires that any of the Borough's ordinances regulating the time, place, or manner of flag burning must be narrowly tailored to serve legitimate, important and content-neutral governmental interests. The ordinances do not need be the least restrictive or least intrusive means of doing so, but may not burden substantially more speech than is necessary to achieve the Borough's goal. Narrow tailoring of an ordinance requires that the Borough show evidence that that other "substantially less alternatives were tried and failed, or that the alternatives were closely examined and ruled out for good reason." *Bruni v. City of Pittsburgh*, 824 F.3d 353, 363 (3d Cir. 2016).

Accordingly, the Borough may not regulate flag burning in such a manner if a substantial portion of the burden imposed by the ordinances on flag burning is more restrictive than necessary to advance its goals. In other words, the restrictions of the Borough's ordinances may not be substantially broader than necessary to achieve the Borough's interests. The Borough must also show that it tried other alternatives to the Ordinances here and that those alternatives were insufficient to meet its governmental goal or that other alternatives to the Ordinances were seriously considered and rejected for a good reason.
See generally *Ward v. Rock Against Racism*, 491 U.S. 781, 798–800 (1989). See also *Free Speech Coalition, Inc. v. Attorney General*, 677 F.3d 519 (3d Cir. 2012); *Turco v. City of Englewood, New Jersey*, 935 F.3d 155, 170 (3d Cir. 2019).

**6.      Government's Burden of Proof Under Intermediate Scrutiny**

Because the ordinances at issue in this case restrict flag burning, a kind of expressive conduct protected by the First Amendment, it is the Borough's duty to establish by a preponderance of the evidence that its ordinances restricting flag burning are constitutional.

Unlike in most civil cases, the Plaintiffs are not required to prove that the Borough's ordinances are unconstitutional. Rather, intermediate scrutiny requires the Borough to prove by a preponderance of the evidence that the ordinances at issue in this case are constitutional under the First Amendment.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 180 n.5 (3d Cir. 2017), as amended (June 26, 2017); *Binderup v. Att'y Gen. United States of America,* 836 F.3d 336, 353 (3d Cir. 2016) ("whether we apply intermediate scrutiny or strict scrutiny…the Government bears the burden of proof on the appropriateness of the means it employs to further its interest").

## 7. Ordinances Restricting Expressive Conduct Must Allow Opportunities For Expression

In attempting to establish that the Borough's ordinances meet intermediate scrutiny, it is not enough for the Borough to argue that the Plaintiffs may convey their message by some means other than flag burning. For instance, the Borough cannot argue that the Plaintiffs could have conveyed their intended message just as well by using letters, handbills, flyers, telephone calls, bumper stickers or speeches.[1]

Rather, to be constitutional, any restrictions in the Borough's ordinances must leave open alternate channels for Plaintiffs to engage in flag burning. This is true even if the ordinances do not entirely prohibit flag burning, but merely shift the time, place and manner of in which flag burning can be conducted.[2]

If the Borough's ordinances effectively prohibit public flag burning entirely, the Borough cannot defend its ordinances on the basis that they allow the Plaintiffs to exercise their rights of expression in some other place or by some other means.[3]

---

[1] *City of Ladue v. Gilleo*, 512 U.S. 43, 56 (1994).
[2] *City of Ladue,* 512 U.S. at 56 (quoting *Clark v. Community for Creative Non-Violence,* 468 U.S. 288, 293 (1984)).
[3] *Schneider v. State,* 308 U.S. 147, 163 (1939).

## 8. Facial Unconstitutionality Under the First Amendment

Plaintiffs have challenged the Borough's ordinances as facially unconstitutional under the First Amendment.

An overly-broad restriction is invalid on its face if a substantial number of its applications are unconstitutional, judged in relation to the restriction's plainly legitimate sweep. *U.S. v. Stevens,* 559 U.S. 460, 473 (2010) (quoting *Washington State Grange v. Washington State Republican Party,* 552 U.S. 442, 449 n.6 (2008) (internal quotation marks omitted)). A regulation is substantially overbroad when it reaches too much expressional protected by the Constitution. *Sypniewski v. Warren Hills Reg'l Bd. of Educ.*, 307 F.3d 243, 258 (3d Cir. 2002). Statutes and ordinances which foreclose an entire media for expression must also be narrowly tailored. *City of Ladue*, 512 U.S. at 55; see also *Frisby v. Schultz*, 487 U.S. 474, 485 (1988).

You must determine whether the Borough has established whether a substantial number of the flag burning ordinances' restrictions are constitutional when judged in relation to the restrictions' plainly legitimate sweep of achieving the Borough's goals. Likewise, you must also determine if the ordinance itself forecloses flag burning within the Borough as an entire medium of expression and whether that restriction is narrowly tailored to achieve the Borough's goal.

If you find that the Borough has not established this, you must find that the ordinances are unconstitutionally overly broad and find in favor of Mr. Stilp and Mr. Connolley.

**9.      Unconstitutionality As Applied Under the First Amendment**

In addition to a facial challenge, Plaintiffs have challenged the Borough's ordinances as unconstitutional under the First Amendment as applied their freedom to engage in flag burning.

An as-applied challenge to a law does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right.  *Heffner v. Murphy*, 745 F.3d 56, 65 (3d Cir. 2014) (quoting *United States v. Marcavage,* 609 F.3d 264, 273 (3d Cir. 2010)).

In other words, if you find that Mr. Stilp and Mr. Connolley's First Amendment right to free speech was chilled in these circumstances and does not pass the intermediate scrutiny analysis, you must find that the Ordinance is unconstitutional as applied.

**10.     Vagueness Generally**

Plaintiffs additionally assert that the Borough's ordinances are unconstitutionally vague. A law may be unconstitutionally vague both on its face and as applied to a particular plaintiff. *United States v. John-Baptiste*, 747 F.3d 186, 200 (3d Cir. 2014).  A statute is void for vagueness in two circumstances.  First, an ordinance is unconstitutionally vague where "it fails to give ordinary people notice of the conduct it punishes[.]"  Secondly, an ordinance is unconstitutionally vague if it "[is] so standardless that it invites arbitrary enforcement." *Johnson v. United States,* 576 U.S. 591, 595 (2015).

- Under the first vagueness analysis, an ordinance can be unconstitutionally vague if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct the ordinance prohibits.  That is, an ordinance must give fair warning of the conduct that it makes a crime.[4]  This inquiry must be undertaken on a case-by-case basis, that is, on the facts before you now, and you must determine whether the Borough's ordinances are vague with respect to Plaintiffs.[5]

- An ordinance can be unconstitutionally vague if the ordinance authorizes, or even encourages, arbitrary and discriminatory enforcement.  "[L]aws must provide explicit standards for those who apply them." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).  "A vague law impermissibly delegates basic policy matters to [enforcement officers] for resolution on an ad hoc and subjective basis." *Id*. at 108-09. "Where…there are no standards governing the exercise of the discretion [of the enforcing officer] granted by the ordinance, the scheme permits and encourages an

---

[4] *Rogers v. Tennessee*, 532 U.S. 451, 457 (2001).
[5] *U.S. v. Fullmer*, 584 F.3d 132, 152 (3d Cir. 2009).

11

arbitrary and discriminatory enforcement of the law." *Papachristou v. City of Jacksonville*, 405 U.S. 156, 170 (1972).  Under this separate basis for finding vagueness, you do not need to find that arbitrary enforcement will necessarily occur under the Borough's ordinances to find them vague.  Rather, an ordinance is vague if it is so imprecise that discriminatory or arbitrary enforcement is a real possibility.

See generally *Hill v. Colorado*, 530 U.S. 703, 732 (2000); see also *Greenberg v. Goodrich,* 2022 WL 874953 (E.D. Pa. March 24, 2022) (quoting *Gentile v. State Bar of Nevada,* 501 U.S. 1030, 1051 (1991)).

Accordingly, if you find that the Ordinance leaves critical terms undefined that a person would need to know in order to avoid punishment under the Ordinance, *or* that the Ordinance does not provide sufficient standards to the person enforcing it to prevent unpredictable or inconsistent enforcement, then you must find the Ordinance vague.  However, if you find that the Ordinance defines its critical terms in such a manner to put a person on notice that certain actions may result in punishment *and* that the Ordinance provides the person enforcing with sufficient standards, then you should find that the Ordinance is not vague.

**11.     Facial Vagueness**

In a facial vagueness challenge, you must determine whether the Borough's burning ordinances are impermissibly vague in all of their applications. *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 631 (3d Cir. 2013) (quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982)) (as cited in *Hewlette-Bullard*, *supra*).  A vague and indefinite statute, both in form and as interpreted, that permits "within the scope of its language the punishments of incidents [that are] fairly within the protection of the guarantee of free speech is void, on its face." *Winters v. New York*, 333 U.S. 507, 509 (1948).

## 12. Vagueness As Applied

In an "as-applied" vagueness challenge, you must determine whether the challenged Borough ordinances are vague as-applied to Plaintiffs. *United States v. Fullmer*, 584 F.3d 132, 152 (3d Cir. 2009) (citing *San Filippo v. Bongiovanni*, 961 F.2d 1125, 1136 (3d Cir. 1992)) (as quoted in *Hewlette-Bullard*, *supra*)). A statute which leaves critical words undefined or vests substantial discretion in the enforcing officer which impacts First Amendment rights and causes individuals to refrain from speaking at all or to steer far clear of a topic is prohibited. *Baggett v. Bullitt*, 377 U.S. 360, 372 (1964).

Accordingly, if you find that Mr. Stilp and Mr. Connolley have refrained from speaking in the Borough since their demonstration because of uncertainty that the Ordinance may be applied against them again, you must find that the Ordinance is void for vagueness as applied to the Plaintiffs. If you find that Mr. Stilp and Mr. Connolley have not refrained from speaking or have not spoken in the Borough for a different reason, you may find that the Ordinance is not void for vagueness as applied.

                          Respectfully submitted,

                          **METTE, EVANS & WOODSIDE**

                          */s/ Aaron D. Martin*

By:    _____

                          Aaron D. Martin
                          Pa. Attorney I.D. No. 76441
                          Sarah E. Straub
                          Pa. Attorney I.D. No. 330748
                          3401 North Front Street
                          Harrisburg, PA 17110
                          (717) 232-5000
                          admartin@mette.com
                          sestraub@mette.com

Date: October 10, 2022