IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENE STILP et al.,** | : | |
| *Plaintiffs* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **BOROUGH OF WEST CHESTER,** | : | **No. 21-3989** |
| *Defendant* | : | |

<u>MEMORANDUM</u>

PRATTER, J.                                                                                      OCTOBER 17, 2022

The practice of law is not easy; it demands thorough research and writing, nearly always on a deadline. A quick turnaround does not excuse a lawyer's ethical duties to the Court, and there is never an excuse for appropriating the work of another lawyer—let alone opposing counsel—and presenting it as one's own. Plaintiffs Gene Stilp and Stephen Connolley assert that counsel for the Borough of West Chester did just this by plagiarizing one of their motions *in limine*, and they have filed a motion seeking sanctions.[1] For the reasons that follow, the Court will grant the motion in part and award reasonable attorney's fees.

### BACKGROUND

Mr. Stilp and Mr. Connolley brought this action challenging the Borough's Burn Ordinance under the First Amendment following the suppression of their flag-burning protest on the public courthouse steps. After discovery and the Court's denial of the Borough's motion for summary judgment, Mr. Stilp and Mr. Connolley filed a number of motions *in limine*. One of these motions sought to preclude the Borough from offering lay opinion testimony by Officer Kevin Gore on the grounds that Officer Gore had not been previously disclosed by the Borough as a witness and that

---

[1] Mr. Stilp and Mr. Connolley's motion also sought to have the offending defense motion stricken. (Doc. No. 42). However, because the offending submission was withdrawn by the Borough and the parties have resolved the case overall (except for this sanctions motion), the Court will deem this request moot.

1

any testimony he might provide as to the safety of the flag burning demonstration would require specialized knowledge. *See* Pls.' Br. for Mot. in Lim., Doc. No. 31, at 5. Prior to filing this motion, counsel for Mr. Stilp and Mr. Connolley transmitted a copy of the motion to the Borough's counsel, Ms. Christine Munion, on September 15, 2022—the evening before the deadline imposed by the Court to file motions *in limine*. The next day, Ms. Munion filed a motion *in limine* on behalf of the Borough seeking to preclude lay opinion testimony by Mr. Stilp and Mr. Connolley for essentially the same reasons that Mr. Stilp and Mr. Connolley argued Officer Gore's opinion testimony should be excluded.

The blatant similarities between these two motions and the accompanying briefs are inescapable. Nearly every paragraph of Ms. Munion's motion and brief contain language lifted word-for-word from Mr. Stilp and Mr. Connolley's motion. That this was the product of plagiarism is apparent from the fact that Ms. Munion's motion and brief even reproduce three editing errors—two missing closed quotation marks and a missing space—from Mr. Stilp and Mr. Connolley's filings. *Compare* Defs.' Mot. in Lim., Doc. No. 21, at ECF 1, 6, *with* Pls. Mot. in Lim. ¶ 1, Doc. No. 30. It also appears that, in her rush to submit her brief by the Court's deadline, Ms. Munion failed to change the names of the parties in several places, such that the brief as filed decries the failure of *the Borough* (her client) to produce and serve documents on the *Plaintiffs*. *See* Defs.' Mot. in Lim., Doc. No. 21, at ECF 4. In light of these telltale markers, there can be no serious argument that Ms. Munion's filings were not the product of plagiarism.

Nor does Ms. Munion deny the allegations. At an emergency hearing held on September 22, 2022, Ms. Munion admitted—after some initial reticence—that her motion and brief were indeed copied.[2] Once it became clear that all escape routes were foreclosed, counsel did finally

---

[2] Though Ms. Munion's evasiveness does not alter the Court's decision to impose sanctions or its assessment of reasonable attorney's fees, the Court nonetheless notes its strong disfavor. A lawyer's duty

2

acknowledge responsibility. And that at least is something. All that remains for the Court to do, then, is to determine what sanction is appropriate.

## LEGAL STANDARD

Rather than seek sanctions under Federal Rule of Civil Procedure 11(c), Mr. Stilp and Mr. Connolley ask the Court to exercise its "*inherent* authority to impose sanctions upon those who would abuse the judicial process." *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3d Cir. 1994) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991)). It is "well-acknowledged" that a district court may impose sanctions "in response to abusive litigation practices." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980) (internal quotation omitted). That said, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Republic of the Philippines*, 43 F.3d at 74(quoting *Chambers*, 501 U.S. at 44). Courts must also carefully tailor sanctions by first examining the conduct and harm at issue and then choosing the most appropriate sanction among the options available. *Republic of the Philippines*, 43 F.3d at 74.

## DISCUSSION

The United States District Court for the Eastern District of Pennsylvania has adopted the Pennsylvania Rules of Professional Conduct. *Raub v. US Airways, Inc.*, No. 16-1975, 2017 WL 5172603, at *2. Ms. Munion is barred in Pennsylvania and subject to these rules. "An unacknowledged appropriation of another lawyer's work for use in court is prohibited by [Pennsylvania Rule of Professional Conduct] 3.3, which requires candor to the tribunal." *Chalepsis v. Karloutsos*, 579 F. Supp. 3d 685, 709 (E.D. Pa. 2022) (citing *Conboy v. U.S. Small*

---

of candor to the Court includes the duty to own up to their mistakes. Baseless, reflexive denials of clear ethical violations serve only to waste time and resources, usually at the lawyer's own expense, and do nothing to advance a client's interests. Indeed, such an approach serves only to dig deeper the hole in which counsel has put herself.

3

*Bus. Admin.*, 992 F.3d 153, 158 (3d Cir. 2021) (finding that "the copy-and-paste jobs before [the Court of Appeals] reflect[ed] a dereliction of duty, not an honest mistake" and granting a motion for sanctions)); *see* Pa. R. Prof'l Conduct 3.3. Plagiarism also "constitutes misrepresentation and is therefore a violation of [Pennsylvania Rule of Professional Conduct] 8.4(c)." *Venesevich v. Leonard*, No. 07-2118, 2008 WL 5340162, at *2 n.2 (M.D. Pa. Dec. 19, 2008); *see* Pa. R. Prof'l Conduct 8.4(c). By falsely presenting opposing counsel's work to the Court as her own, Ms. Munion has demeaned our profession, obstructed the administration of justice, and needlessly consumed the time and resources of both the Court and opposing counsel.

Ms. Munion's conduct also does a disservice to her client. Pennsylvania Rule of Professional Conduct 1.1 requires lawyers to provide "competent representation to a client," which "requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Pa. R. Prof'l Conduct 1.1. Plagiarism, in contrast, requires little to no knowledge or skill, and certainly does not reflect the thoroughness and preparation clients expect from members of the bar. In substituting plagiarism for preparation, counsel presented an unreasoned, error-filled filing and placed both her client's motion and the potential for alternative resolution at risk.[3]

---

[3] The Court notes that Ms. Munion's plagiarism only jeopardized her client's interests inasmuch as it affected the quality of the filing and the relationship between the parties. In their initial motion seeking sanctions, Mr. Stilp and Mr. Connelly urged the Court to respond to Ms. Munion's misconduct by denying the Borough's motion *in limine* with prejudice. At the hearing in this matter the Court explained at the outset that the party represented by the misstepping counsel would not pay the price for counsel's error of this sort. Rule 11, for example, does not contemplate punishing clients with unfavorable rulings on the merits due to counsel's ethical violations. *See* Fed. R. Civ. P. 11(c)(4). The Third Circuit has explained that "[i]f an attorney, rather than a client, is at fault, the sanction should ordinarily target the culpable attorney," not the innocent client. *Republic of Philippines*, 43 F.3d at 74. In other words, while a copied filing will almost certainly be of lower quality than one carefully prepared by an attorney, a Court must still resolve a plagiarized motion on the merits.

In deciding to impose sanctions under its inherent authority, the Court is guided by the same considerations applicable under Rule 11. *Republic of Philippines*, 43 F.3d at 74. Because Ms. Munion's conduct was objectively unreasonable in light of her ethical obligations, the Court finds that sanctions focused on counsel—not her client—are clearly warranted. *See Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 207 (3d Cir. 2019).

The Court has inherent authority to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45-46 (internal quotations omitted). "The starting point for a determination of attorney's fees, the lodestar calculation, is the product of the number of hours *reasonably* expended in responding to the [filing] times an hourly fee based on the prevailing market rate." *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 195 (3d Cir. 1988) (emphasis added). Mr. Stilp and Mr. Connelly have presented the Court with a schedule of time expended by counsel, along with hourly rates and costs, totaling $10,739.55. The Borough does not dispute the appropriateness of the hourly rates listed for Mr. Stilp and Mr. Connolley's counsel, but rather contends that the number of hours expended is excessive.

The Court finds that the number of hours listed by the lawyers for Mr. Stilp and Mr. Connelly for the preparation of the motions to strike and for sanctions is greater than reasonably necessary, given that the copying was so blatant that the Borough's counsel could never have seriously contested the allegation. As discussed above, Ms. Munion's plagiarism was neither slight nor subtle, and counsel for Mr. Stilp and Mr. Connelly would have reasonably been able to bring it to the Court's attention without the need for quite as exhaustive a review of the filings, drafting, redrafting, and conferencing. *See Pub. Int. Rsch. Grp. of N.J. Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995) (noting that reasonable attorney's fees should not "produce windfalls to

5

attorneys"). Accordingly, the Court will reduce the fee figure proposed by Mr. Stilp and Mr. Connolley by $2,256.00—equivalent to 6.4 hours of work billed to Aaron D. Martin and Sarah E. Straub—for an adjusted award of $8,483.55 for fees and costs.[4] An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[4] Specifically, the Court reduces by 2 hours the work recorded by Mr. Martin on September 19, 2022, the 1.6 hours recorded by Ms. Straub on September 21, 2022; 1 hour recorded by Mr. Martin on September 26, 2022; and 1.8 hours recorded by Mr. Martin on September 27, 2022. All expenses shall be awarded.